J-S31013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMOS J. SINGLETON | : | |
| | : | |
| Appellant | : | No. 2576 EDA 2017 |

Appeal from the PCRA Order August 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000425-2011

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                          **FILED JUNE 25, 2018**

Amos J. Singleton ("Appellant") appeals from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, without a hearing. We affirm.

This case arises out of the robbery of the True Mark Credit Union in Philadelphia, Pennsylvania, on June 1, 2010, at 1:13 p.m. The police investigation led to Appellant's arrest on November 5, 2010. N.T., 1/22/13, at 30–32. Appellant was charged with robbery, theft by unlawful taking, receiving stolen property, possession of an instrument of crime, and simple assault.[1] On January 22, 2013, Appellant filed a motion pursuant to Pa.R.Crim.P. 600, which the trial court denied. Order, 1/22/13. Following a

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(iv), 3921(a), 3925(a), 907(a), and 2701(a), respectively.

stipulated trial on January 22, 2013, Appellant pled guilty to one count of Robbery, and the trial court sentenced him to incarceration for three to six years. Appellant did not file a direct appeal.

On June 27, 2013, Appellant timely filed a *pro se* PCRA petition, claiming a constitutional violation, ineffective assistance of counsel ("IAC"), an unlawfully induced guilty plea, and the discovery of exculpatory evidence. PCRA Petition, 6/27/13, at ¶ 5. Specifically, Appellant averred that (1) the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), by withholding police reports that supported police misconduct; (2) his guilty plea was the result of a tainted arrest; (3) the Commonwealth interfered with his speedy-trial claim; and (4) counsel was ineffective. **Id.** at ¶ 6A. Appointed counsel filed an amended petition, augmenting Appellant's IAC claims. Amended Petition, 4/22/16, at ¶ 10 and Memorandum of Law. The Commonwealth filed a motion to dismiss the petition. Motion to Dismiss, 4/17/17. The PCRA court issued notice of its intent to dismiss and subsequently dismissed Appellant's petition without a hearing. Notice Letter, 6/6/17; Order, 8/1/17.

Appellant filed the instant appeal, presenting the following questions for our consideration:

 I. Whether the court erred in not granting relief on the PCRA petition alleging Trial Counsel was ineffective.

 II. Whether the [c]ourt erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised

in the amended PCRA petition regarding Trial Counsel's ineffectiveness.

Appellant's Brief at 8 (reordered for ease of disposition).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). We will not disturb the PCRA court's findings unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

To be eligible for relief under the PCRA, a petitioner must prove that his conviction resulted from one of several enumerated events. 42 Pa.C.S. § 9543(a)(2)(i–viii). Here, Appellant claims his conviction resulted from two instances of counsel's ineffectiveness. Appellant's Brief at 12; 42 Pa.C.S. § 9543(a)(2)(ii). When considering an IAC allegation, we presume that counsel provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) petitioner was prejudiced by counsel's action or omission. *Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa. Super. 2018) (citing *Commonwealth v. Pierce*, 527 A.2d

973, 975–976 (Pa. 1987)). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). An IAC claim will fail if the petitioner's evidence fails to meet any one of the three prongs. *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). Because courts must presume that counsel was effective, the burden of proving ineffectiveness rests with the petitioner. *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015).

Appellant first claims that trial counsel was ineffective for failing to investigate Appellant's obstruction-of-justice claim. Appellant's Brief at 17. In support of this claim, Appellant asserts the following:

> [He] asked his counsel to investigate these assertions, but [t]rial [c]ounsel flat out ignored this request and failed to investigate the matter as requested by the Appellant. Counsel only met with Appellant for less than six minutes in the holding cell at the Criminal Justice Center. During pretrial stages, counsel never made any official visits to discuss the issues of the case, nor did counsel answer any letters from Appellant nor phone calls from family and friends of Appellant.
>
> Appellant alleges he told his counsel that the Commonwealth withheld exculpatory evidence of police illegal misconduct, "planting evidence during arrest and filing false police reports, and afidavits." The Commonwealth withheld (14) police reports including a search warrant affidavit, Appellant alleged.

*Id.* at 17. According to Appellant, "trial counsel's failure to conduct a thorough pretrial investigation is ineffective assistance. . . . [T]here is no reasonable basis to justify trial counsel's failure to perform as an effective advocate. . . .

[A]s a result of trial counsel's ineffectiveness, Appellant suffered great prejudice." ***Id.*** at 18.

The Commonwealth contends that this IAC claim lacks arguable merit:

[Appellant's] assertion that the police planted a gun in his home and filed false reports is irrelevant to the instant conviction and so his allegation of ineffectiveness lacks arguable merit. While a handgun was recovered from [Appellant's] home during a search on November 5, 2010, the warrant was issued in an unrelated case. In that case, [Appellant] entered an apartment complex rental office, pointed a gun at the manager, and demanded money. He then shot her in the face (MC-51-CR-0048059-2010). When the search warrant was executed in that case, [Appellant] was on wanted status for the instant bank robbery. He was arrested for both robberies on the date the search warrant was executed.

[Appellant] was [not] . . . convicted of[] possession of a firearm in this case. Any putative claim that police planted a gun in his home and filed false reports would have been immaterial.

Commonwealth's Brief at 8–9. The Commonwealth further asserts, "Given [Appellant's] failure to support this claim [of police misconduct] in any way, he failed to demonstrate actual prejudice from the allegedly deficient investigation." ***Id.*** at 8.

The PCRA court disposed of this IAC claim with the following analysis:

Appellant first contends that trial counsel was ineffective for failing to investigate an obstruction of justice claim that Appellant told him to investigate. Specifically, Appellant claims that he informed trial counsel that police tainted his arrest by planting a gun, filing false police reports and manipulating a judicial magistrate into issuing a search warrant to conceal the planting of evidence. However, because Appellant fails to provide any support to this argument, his contention is unsubstantiated.

The Supreme Court of Pennsylvania in *Commonwealth v. Hutchinson*, 556 A.2d 370, 372 (Pa. 1989)[,] provided that

- 5 -

allegations of ineffective assistance of counsel are not "self-sustaining." The *Hutchinson* court further explained that the burden of proof remains with the defendant and that their ineffectiveness claim must be established by submission of relevant proofs. *Id.*

As guided by *Hutchinson*, Appellant bears the burden of proving allegations of ineffective assistance of counsel by the submission of relevant proofs and here, Appellant has failed to provide this [c]ourt with any support to his extreme claim. Instead, Appellant stated in his Amended PCRA Petition that he informed trial counsel that, "the police tainted his arrest by planting evidence (gun), filing false police reports, and manipulating a judicial magistrate into issuing a search warrant to conceal the planting of evidence." Appellant then stated that counsel's response was that, "he was not going to bring this matter before the [c]ourt because the [c]ourt was pro-police and he did not want to offend the [c]ourt." Appellant provides this [c]ourt with nothing beyond his bare-bone assertions. Appellant cannot provide any support to this argument because it is baseless and nonsensical. There was no mention of a gun in the facts set forth during the stipulated trial. Notes of Testimony (N.T.) 1/22/13 at 30-32. Nothing on record mentions a gun. Therefore, counsel cannot be deemed ineffective for not pursuing this baseless claim. Thus, Appellant's claim is unsubstantiated and therefore, meritless.

PCRA Court Opinion, 11/1/17, at 3–4.

Considering the record in the light most favorable to the Commonwealth as the prevailing party, we find that the evidence of record supports the conclusions of the PCRA court and its ruling is free of legal error. *Stultz*, 114 A.3d at 872; *Robinson*, 139 A.3d at 185. Appellant's underlying claim of police misconduct relates to another robbery, and other than baldly asserting, Appellant fails to establish how it supports his first IAC claim. Moreover, trial counsel had no rational basis for raising a claim of police misconduct with regard to a weapon where the crime charged was an unarmed robbery.

Finally, as stated above, to demonstrate prejudice, a petitioner must show there is a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. **Reed**, 42 A.3d at 319. Here, Appellant fails to meet the prejudice burden. In fact, Appellant acknowledges that "[h]e cannot predict with certainty whether the outcome would have been different." Appellant's Brief at 18. Thus, we conclude that Appellant's first IAC claim does not warrant relief.

Additionally, in his *pro se* petition, Appellant averred that the alleged police misconduct tainted his guilty plea. Petition, 6/27/13, at ¶ 6. According to Appellant, his "guilty plea was involuntary and unknowingly made, where it was informed by the fruits of a search warrant based on a fraudulent affidavit." Memorandum of Law in Support of PCRA Relief, 6/27/13, at 4. Such a claim is cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(iii) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the conviction or sentence resulted from . . . [a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.").

As explained above, however, Appellant's claim of police misconduct involved another robbery, and he has not demonstrated how that claim supports his current IAC claims. Moreover, Appellant does not assert his innocence, and the trial court certified that Appellant "exercised a knowing,

intelligent, voluntary waiver of the right to a jury trial." Jury Trial Waiver Colloquy, 1/22/13, at unnumbered 4. Thus, we discern no genuine issue of material fact concerning the validity of Appellant's guilty plea in the case at hand.

Appellant's second IAC claim is that counsel failed to litigate properly the Pa.R.Crim.P. 600 motion to dismiss. Appellant's Brief at 19. Underlying this claim is Appellant's assertion that the Commonwealth violated his constitutional right to a speedy trial pursuant to Pa.R.Crim.P. 600.[2] Specifically, Appellant complains that counsel "failed to object to the

_____

[2] Rule 600 provides as follows:

**(A) Commencement of Trial; Time for Trial**

\* \* \*

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(A)(2)(a), (C)(1).

Commonwealth's introduction of a 'memorandum' from the Assistant United States Attorney" as hearsay and false. Appellant's Brief at 19, 20. According to Appellant, the memorandum indicates that the United States Attorney's Office would not release him until after his federal trial, yet the Commonwealth knew that Appellant "was actually being held in the custody of Philadelphia County Prison . . . and that the Appellant was only on writ to the United States Government." ***Id.*** at 20. Additionally, Appellant asserts that the Commonwealth committed a ***Brady*** violation by withholding "this 'memorandum' for over 12 months and introduc[ing] it in the middle of a Rule 600[-]motion hearing to establish due diligence by the Commonwealth." ***Id.*** at 20–21. Appellant explains that, as a result of accepting the memorandum, the trial court excluded 365 days and denied his Rule 600 motion. ***Id.***

The Commonwealth responds that this IAC claim lacks arguable merit:

[Appellant] argued that the memorandum constituted hearsay and that the Commonwealth's allegedly late disclosure of the memorandum violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Because the memorandum was plainly admissible as non-hearsay, and the Commonwealth did not commit a <u>Brady</u> violation, any such objections would have been frivolous.

The memorandum was not hearsay. Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted. The challenged memorandum stated that [Appellant] could not be released to the Commonwealth on writ because he had a pending federal criminal trial (N.T. 1/22/13, 11–12). The document was not offered for the truth of the matter asserted. Rather, it was offered to explain why the Commonwealth did not compel [Appellant's] appearance for trial earlier than it did. It demonstrated that the Commonwealth had acted reasonably and with due diligence, therefore, the delay was due to circumstances outside of the Commonwealth's control.

- 9 -

> [Appellant's] claim that counsel was ineffective for not objecting to the memorandum on the basis of [**Brady**] is equally unavailing.
>
> * * *
>
> At the outset, [Appellant's] claims fails [sic] because <u>Brady</u> is purely a trial right. Thus, it cannot have been violated by an alleged failure to disclose evidence prior to a pre-trial motion to dismiss. Even putting that aside, there was no <u>Brady</u> violation here because the challenged memorandum was clearly not exculpatory. <u>See</u> <u>Commonwealth v. Counterman</u>, 719 A.2d 284, 297 (Pa. 1998) (<u>Brady</u> encompasses only exculpatory evidence). The memorandum explained the Commonwealth's inability to seek custody of [Appellant] from federal authority. It said nothing, and shed no light on, [Appellant's] guilty or innocence of bank robbery.

Commonwealth's Brief at 10–12 (some internal citations omitted).

In addressing this claim, the PCRA court adopted the Commonwealth's

position:

> Appellant argues that counsel should have objected to the introduction of a memorandum during the Rule 600 motion. Specifically, Appellant asserts that this memorandum constituted hearsay. However, since this evidence did not constitute hearsay and would have been admissible with or without counsel's objection, this claim also fails.
>
> Hearsay is defined as an out-of-court statement offered to prove the truth of the matter asserted in that statement. Pa.R.E. 801(c). Generally, hearsay is inadmissible at trial. Pa.R.E. 802. However, where an out-of-court statement is not admitted for the purpose of proving the truth of what was said, the hearsay rule does not bar admission of that statement. *American Future Systems, Inc. v. BBB*, 872 A.2d 1202, 2013 (Pa. Super. 2005).
>
> Here, the memorandum was not offered for the truth of the matter. The memorandum was instead offered to explain the reason why the Commonwealth could not compel Appellant to appear for trial at an earlier date. The memorandum helped

explain that delays caused by Appellant's federal detention were beyond the Commonwealth's control. Had defense counsel objected, that objection would have been overruled and the memorandum would have [been] introduced anyway as it was not hearsay. Since trial counsel for purposes of the 600 motion was not ineffective, Appellant's claim is meritless.

PCRA Court Opinion, 11/1/17, at 5 (footnote omitted). We note that the PCRA court did not address Appellant's **Brady**-based argument.

Considering the record in the light most favorable to the Commonwealth as the prevailing party, we find that the evidence of record supports the PCRA court's non-hearsay conclusion and its ruling is free of legal error. **Stultz**, 114 A.3d at 872; **Robinson**, 139 A.3d at 185. Moreover, for the reasons set forth by the Commonwealth, the record and relevant law contradict Appellant's underlying allegation of a **Brady** violation. Commonwealth's Brief at 10–12 (citing Pa.R.E. 801(c) and **Counterman**, 719 A.2d at 297). Thus, we conclude that Appellant's second IAC claim does not warrant relief.

In his second issue, Appellant challenges the PCRA court's failure to conduct an evidentiary hearing, arguing that "there are genuine issues of fact that need more context and thereby warrant such a hearing." Appellant's Brief at 15. We reiterate that there is no absolute right to an evidentiary hearing. **Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008). "[T]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied 'there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.'"

*Commonwealth v. Cousar*, 154 A.3d 287, 297 (Pa. 2017) (citing *Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264.

We note that the PCRA court did not address this issue in its Pa.R.A.P. 1925(a) opinion, although Appellant raised it in his Pa.R.A.P. 1925(b) statement. Statement of Matters Complained of on Appeal, 8/20/17, at ¶ 2. Nevertheless, having agreed with the PCRA court that Appellant failed to establish his IAC claims and having reviewed the record independently, we discern no genuine issues concerning any material fact. Consequently, we conclude that the PCRA court did not abuse its discretion by failing to hold an evidentiary hearing. *Cousar*, 154 A.3d at 297.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/18

- 12 -